UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGORIA C. LETTS,

    Plaintiff,                                            Civil Action No. 11-CV-14364

vs.                                                  HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND REMANDING CASE FOR FURTHER PROCEEDINGS

This matter is presently before the Court on defendant's motion for summary judgment and plaintiff's motion for remand. Magistrate Judge Charles E. Binder has submitted a Report and Recommendation ("R&R") in which he recommends that defendant's motion be granted and plaintiff's motion be denied. Plaintiff has submitted timely objections to the R&R.

The central issue in this case is the degree to which plaintiff's mental impairments (depression, anxiety, bipolar disorder and obsessive compulsive disorder[1]) interfere with her ability to work. The ALJ found that plaintiff "can perform only routine and repetitive tasks that do not require public contact or more than occasional contact with co-workers" (Tr. 21). He then found her to be not disabled, based on the vocational expert's testimony that a hypothetical person of

---

[1] These are the severe impairments as found by the ALJ (Tr. 17, finding 3). Dr. Ahmad, plaintiff's treating psychiatrist, indicates that plaintiff, in addition to having these impairments, is "[m]ostly home bound" and "agoraphobic" (Tr. 474, 477). On remand, the ALJ shall make findings as to whether plaintiff suffers from agoraphobia and, if so, the extent to which this impairment, in combination with the others, is vocationally limiting.

plaintiff's age, education and work history could perform her past work as a cleaner or prep cook assuming she is limited to this extent (Tr. 22, 52). This conclusion is inconsistent with a medical exhibit that plaintiff submitted after the ALJ issued his decision, namely, a Mental RFC Assessment completed by plaintiff's treating psychiatrist, Munawar Ahmad, M.D., on January 27, 2011 (Tr. 476-77).[2] At the time of his decision on October 8, 2010, the ALJ had the benefit of an earlier Mental RFC Assessment completed by Dr. Ahmad in July 2010 (Tr. 301-302), at which time Dr. Ahmad found plaintiff to be not significantly limited in 13 of 20 categories, moderately limited in four of 20 categories, between these two severity ratings in two categories, and between moderately and markedly limited in one category. In the more recent Mental RFC Assessment, Dr. Ahmad indicated a much greater level of impairment, finding plaintiff to be not significantly limited in five of 20 categories, moderately limited in five of 20, and markedly limited in nine of 20.[3] On this assessment Dr. Ahmad also wrote: "Patient's Bipolar depression and severe generalized anxiety and agoraphobia has been very disabling for her" (Tr. 477).

       The Court shall remand this matter so that the ALJ may reconsider his decision based

---

[2] As the magistrate judge correctly notes, "exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review." R&R at 2 n.2, *citing Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996), and *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). However, under sentence six of 42 U.S.C. § 405(g), the Court may remand the case so that the ALJ may consider such evidence, provided the evidence is new and material and good cause is shown for not submitting the evidence prior to the issuance of the ALJ's decision. *See Cline*, 96 F.3d at 148-49.

[3] Significantly, Dr. Ahmad indicated that plaintiff is markedly limited in her ability to concentrate for extended periods, to be punctual and maintain regular attendance, to complete a normal workday without interruptions, and to travel in unfamiliar places (Tr. 476-77). At the hearing, the vocational expert testified that it would be "work preclusive" if a hypothetical person with plaintiff's background would "lose focus" and be "off task" 20 percent or more of the time or if she would miss one day of work per week or four days per month (Tr. 52-53).

on Dr. Ahmad's January 27, 2011, Mental RFC Assessment. This evidence warrants a sentence six remand pursuant to § 405(g). The evidence is new in that it is not cumulative. The evidence is material in that there is a reasonable possibility it may cause the ALJ to alter his decision. And plaintiff had good cause for not submitting the evidence before the ALJ issued his decision because it did not exist at that time. *See Elliott v. Apfel*, 28 F.App'x 420, 423-24 (6th Cir. 2002).

On remand, the ALJ shall consider and give appropriate weight to Dr. Ahmad's January 27, 2011, Mental RFC Assessment, along with all of the other evidence of record. If the ALJ does not give Dr. Ahmad's findings and opinions controlling weight, he shall clearly state his reasons with specific reference to the factors identified in 20 C.F.R. § 404.1527(c). The ALJ shall also make findings regarding plaintiff's agoraphobia. *See* n.1, *supra*. Accordingly,

IT IS ORDERED that Magistrate Judge Binder's R&R is rejected.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for remand is granted (albeit pursuant to sentence six, not sentence four, of § 405(g)) and this matter is hereby remanded for further proceedings in accordance with this opinion.

Dated: December 12, 2012  
    Detroit, Michigan

S/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

3